IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SARINANA,<br><br>    Plaintiff,<br><br>  v.<br><br>S. SOTO; D. OSBORN; BOTELLO,<br><br>    Defendants | No. C 19-0014 WHA (PR)<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND FOR EXTENSION OF TIME**<br><br>(ECF Nos. 34, 35) |

## INTRODUCTION

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. Certain claims were dismissed upon initial review. Defendants D. Osborn and Botello filed a motion for judgment on the pleadings and for summary judgment, which was granted. Defendant S. Soto has filed a motion to dismiss the remaining claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition, and Soto filed a reply brief. For the reasons discussed below, defendant's motion to dismiss is **GRANTED**. Plaintiff's motion for an extension of time to file an opposition is **GRANTED.**

## STATEMENT

The following facts are set forth in the complaint and in the medical records attached thereto (ECF Nos. 1, 1-1):

At about 3:00 p.m. on March 31, 2018, plaintiff tried to enter his housing unit at the California Training Facility ("CTF"), but the door was locked. He looked through a window where several officers were, including defendant Soto. Soto "shoved his hand against the

window," causing it to break, and a "tiny" piece of glass approximately the size of a grain of sand went into plaintiff's eye (ECF Nos. 1 at 3; 1-1 at 7).  Plaintiff asked for medical assistance and explained his condition, and he was allowed inside the building where Soto told him to rinse his eyes with water, which he did.  Soto told plaintiff that he could be cited for not being in an authorized location of the prison.  Plaintiff then went outside the building to speak to defendant Sergeant Osborn, a supervisor, about getting medical attention.  Osborn ignored his request.  At approximately 6:30 p.m., plaintiff asked Soto for medical assistance.  He was taken to the emergency medical facility, where a nurse examined him.  Plaintiff did not have blurry or changed vision, tearing, swelling or bleeding in his eye.  He also reported not having pain, although he alleges in the Complaint that he was in severe pain.  Plaintiff alleges that Soto told him that if he filed an administrative grievance about the incident, Soto would interfere with plaintiff's family visits.  Plaintiff filed administrative grievances anyway against Soto and Osborn arising from the broken-glass incident, which grievances were denied.

Plaintiff made the following claims: (1) Soto was deliberately indifferent to his safety and medical needs, in violation of the Eighth Amendment; (2) Osborn was deliberately indifferent to his medical needs, also in violation of the Eighth Amendment; and (3) Botello transferred him to another person in retaliation for plaintiff's filing administrative grievances, in violation of plaintiff's First Amendment rights.  Judgment on the pleadings was granted on the medical claims against Soto and Osborn because the allegations in the complaint and attachments did not indicate any serious risk of injury from the tiny grain of glass, or deliberate indifference to his medical needs.  Summary judgment was granted to Botello for lack of exhaustion.  The remaining claim, therefore, is that Soto was deliberately indifferent to plaintiff's safety.  In this motion, Soto argues that plaintiff has not stated a claim upon which relief may be granted for violating the Eighth Amendment.

## ANALYSIS

I.  **STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal

1. Rules of Civil Procedure.  Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be

3

held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

## II.  LEGAL CLAIMS

Plaintiff claims that Soto violated the Eighth Amendment by hitting a window and causing a small grain of glass to enter plaintiff's eye.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  *Id.* at 834.

A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.  Neither negligence nor gross negligence will constitute deliberate indifference.  *Id.* at 835-36 & n.4.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Id.* at 837.  However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  *Id.* at 842.  The official does not have to "believe to a moral certainty" but he must have more than a "mere suspicion" that harm will come to the inmate.  *Berg*, 794 F.2d at 459.

Here, the allegations do not permit a reasonable inference that Soto could have had more than a mere suspicion that he would harm plaintiff.  A trier of fact may conclude that a prison official knew there was a substantial risk of harm when it was an obvious consequence of the official's actions.  *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009).  The broken window

1  was not an obvious consequence of Soto "shov[ing] his hand against" the window.  Glass can
2  vary greatly in strength without any obvious indication and if it is weak, it can surprisingly
3  break.  There is no allegation that Soto punched the window, hit it hard, or used an object that
4  would obviously break glass.  Shoving his hand against a window one time in response to
5  plaintiff looking through it would not obviously create a substantial risk of breaking it and
6  hurting plaintiff.  Moreover, while obviousness of risk may be a factor in demonstrating
7  subjective knowledge, a defendant's liability must still be based on actual awareness of the risk
8  rather than constructive knowledge.  *Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir.
9  2015).  There is no allegation that reasonably suggests that Soto had actual awareness that the
10 glass would break.  Working in a prison, Soto would not would not want to risk broken glass
11 because an inmate could easily use to hurt himself or others.  Plaintiff's allegations, even when
12 liberally construed in his favor, do not allow a reasonable inference that Soto knew there was a
13 substantial risk of hurting plaintiff such that he was deliberately indifferent to plaintiff's safety.
14        In addition, the allegations do not suggest that plaintiff suffered a sufficiently serious
15 deprivation to satisfy the objective element of his Eighth Amendment claim. To be sure, a
16 prisoner need not suffer a severe injury or wait until he is actually harmed to state a claim and
17 obtain relief.  *Farmer*, 511 U.S. at 845.  However, plaintiff's injury was so minor that it does not
18 permit a reasonable inference that he risked any serious harm. A "tiny" piece of glass the size of
19 a grain of sand got into plaintiff's eye, and it did not cause bleeding, tearing, swelling or any
20 lasting injury despite remaining in his eye for several hours.  This does not reasonably suggest
21 that the deprivation he suffered was sufficiently serious to satisfy the objective component of an
22 Eighth Amendment claim.[1]
23        The Complaint and its attachments, even when liberally construed, do not permit a
24 reasonable inference that satisfies either prong of the Eighth Amendment claim against Soto.
25 Consequently, relief may not be granted on this claim, which is the sole remaining claim in this
26 action.

---

[1] Defendants' qualified immunity argument need not be reached.

**CONCLUSION**

Good cause appearing, defendant Soto's motion to dismiss is **GRANTED**. Plaintiff's motion for an extension of time to file an opposition is **GRANTED**.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: March   11  , 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE